UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRACY PHILLIPS,<br>    Plaintiff,<br><br>vs.<br><br>TARGET DEPARTMENT STORE,<br>    Defendant. | Case No. 1:23-cv-781<br>McFarland, J.<br>Litkovitz, M.J.<br><br><br>ORDER AND REPORT AND<br>RECOMMENDATION |

Pro se plaintiff Tracy Phillips, a resident of West Virginia, initiated this wrongful death action in the Hamilton County, Ohio Court of Common Pleas. Defendant Target Corporation[1] removed the action to this federal Court. (*See* Docs. 1 and 2). This matter is before the Court on defendant's Motion to Dismiss (Doc. 3), plaintiff's response (Doc. 7), and defendant's reply (Doc. 10); plaintiff's "Motion to explain in writing" (Doc. 15) and defendant's response (Doc. 16); and the parties supplemental briefs (Docs. 23 and 24).

**I. Background and procedural history**

Plaintiff's complaint alleges that on or about March 17, 2022, his son, Alias Phillips, was a customer at a Target store in Cincinnati, Ohio. While in the store, another customer confronted and threatened his son. When his son exited the store, "he was ambushed[,] chased down in [the] Target parking lot and was shot and killed." (Doc. 2 at PAGEID 26). Plaintiff alleges that Target's security failed to intervene during the initial confrontation, and Target's inadequate security and monitoring at this Target store location led to his son's death. (*Id.* at PAGEID 26-27). Plaintiff brings a claim for negligence and seeks $50,000,000.00 in damages.

---

[1] Defendant indicates that plaintiff improperly named "Target Department Store" in his complaint. (Doc. 3 at PAGEID 29).

Defendant filed a motion to dismiss arguing that plaintiff has neither standing nor legal capacity to bring this action. Defendant alleges that plaintiff has not been appointed the personal representative of the estate of Alias Phillips in either Ohio or West Virginia, and he cannot legally pursue this action on behalf of his son's estate. (Doc. 3).[2]

Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Under this Rule, "[a]n action must be prosecuted in the name of the real party in interest[,]" but at the same time, "[t]he court *may not dismiss* an action for failure to prosecute in the name of the real party in interest until, after an objection, *a reasonable time has been allowed* for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(1), (3) (emphasis added).

Following initial consideration of the parties' positions on defendant's motion to dismiss, the Court stayed the disposition of defendant's motion to afford plaintiff a reasonable amount of time to "explain, in writing, his efforts to secure an appointment as the personal representative of his son's estate and provide supporting documentation thereof" consistent with Rule 17(a) of the Federal Rules of Civil Procedure. (Doc. 14 at PAGEID 86-87). The undersigned warned that if plaintiff did not file such an explanation on or before June 17, 2024, she would recommend to the District Judge that his case be dismissed. (*Id.* at PAGEID 87).

Plaintiff filed a "motion to explain in writing" (Doc. 15), in which he alleged his son's death certificate incorrectly listed him as a resident of Ohio when in fact his son resided in West Virginia. Plaintiff states he was unable to file the necessary documents in the Cabell County,

---

[2] In its reply memorandum in support of its motion to dismiss, defendant acknowledged that the Court could characterize its arguments as attacking either plaintiff's "lack of standing" or "lack of capacity to sue. . . ." (Doc. 10 at PAGEID 60).

2

West Virginia Probate Court until the death certificate was corrected, and this delayed his appointment as the personal representative of his son's estate. (*See generally* Doc. 15).

Given plaintiff's representations, the undersigned determined that conversion of defendant's motion into one for summary judgment would serve the expeditious disposition of this matter and converted the motion. In view of plaintiff's pro se status and in an abundance of caution, the Court granted plaintiff an extension of time to "submit evidence demonstrating that he is the real party in interest for purposes of Rule 17(a)(1) (i.e., evidence demonstrating his appointment as the personal representative of his son's estate)." (Doc. 17 at PAGEID 110).

In the interim, the Court conducted three telephone status conferences with the parties (August 12, 19, and 27, 2024) to determine whether, as a practical matter, plaintiff could provide proof sufficient to resolve defendant's motion to dismiss, as converted into a motion for summary judgment. (*See* Docs. 3 and 17). In advance of the last conference, plaintiff circulated to defendant's counsel and the Court a copy of a "Small Estate Certificate and Authorization" issued by the Clerk of the Cabell County Commission in West Virginia. (*See* Doc. 22 at PAGEID 118). At the August 27, 2024 conference, defendant represented that it was unwilling to withdraw its motion based on this document. The Court therefore ordered the parties to submit any remaining arguments and evidence to the Court by September 3, 2024, upon which the Court would issue a ruling.

In response to the Court's Order, plaintiff submitted a document that appears to be the supporting affidavit for his "Small Estate Certificate and Authorization," his son's original and corrected death certificates, and a certification by the Clerk of the Cabell County Commission

3

that those documents were filed with that office. (Doc. 24).³ Plaintiff did not submit any additional briefing.

In its most recent brief, defendant argues that West Virginia law requires a wrongful death action to be brought by the duly appointed personal representative of the decedent's estate, who is the real party in interest to such an action. Defendant argues that the West Virginia Small Estate Act, upon which plaintiff's "Small Estate Certificate and Authorization" is based, neither contemplates the appointment of a personal representative nor authorizes plaintiff to pursue a wrongful death claim. Defendant argues that neither plaintiff's "Small Estate Certificate and Authorization" nor the affidavit on which it is based disclose any assets—let alone the wrongful death claim—and that the wrongful death claim would undoubtedly exceed the definitions of "small asset" and "small estate" under West Virginia law. As such, defendant argues that the "Small Estate Certificate and Authorization" does not give plaintiff authority to pursue the claim. Finally, defendant argues that plaintiff has had more than a reasonable opportunity to demonstrate that he is the real party in interest to pursue this claim but still has not done so. (Doc. 23).

**II.  Standard of review**

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts

---

³ This document, except for the final certification page by the Cabell County Commission Clerk, appears identical to Exhibit A to defendant's additional brief. (*See* Doc. 23-1).

4

by 'citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute.'" *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

  The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House*, *Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v.*

5

*Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

A fact is "material" if its resolution will affect the outcome of the lawsuit. *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016), *aff'd,* No. 17-3088, 2017 WL 3726755 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 248). The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322. To make its determination, the court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

**III.     Analysis**

Plaintiff's "Small Estate Certificate and Authorization" was issued by the Clerk of the Cabell County Commission in West Virginia. (*See* Doc. 22 at PAGEID 118). By its terms, this certificate was issued pursuant to W. VA. CODE § 44-1A-2, which states:

> (a) Notwithstanding any provisions of this code to the contrary, the small estate of a decedent who dies domiciled in this state may be administered upon affidavit and *without the appointment of a personal representative*, and the small assets of the decedent may be paid or delivered to the authorized successor as provided in this article.

*Id.* (emphasis added). The certificate includes a space for a description of the small estate's assets and states that "[i]n regard to **ONLY THE ABOVE LISTED ASSETS**" does the authorized successor under W. VA. CODE § 44-1A-2 have authority to "faithfully perform the duties of the office as may be necessary to collect and administer small assets of the decedent. . .

6

." (Doc. 22 at PAGEID 118). The certificate lists no assets and, by its terms, is valid for only six months from its issuance. (*Id.*).

Plaintiff's submission does not demonstrate that he is the real party in interest to bring this lawsuit, and his case should be dismissed.[4] By its terms, the Small Estate Certificate and Authorization does not appoint plaintiff as the personal representative of his son's estate. The Court has already determined that West Virginia's wrongful death statute requires such an action to be brough by the personal representative of the decedent. (*See* Doc. 14 at PAGEID 79-81). *See also* W. VA. CODE § 55-7-6 ("Every [wrongful death] action shall be brought by and in the name of the personal representative of such deceased person who has been duly appointed in this state, or in any other state, territory or district of the United States, or in any foreign country. . . ."); *Strum v. Swanson*, 653 S.E.2d 667, 678 (W. Va. 2007) ("The West Virginia wrongful death statute envisions recovery in the legal capacity of a personal representative, rather than individually."). The Court has afforded plaintiff ample time and opportunity to rectify this issue, but plaintiff has not. *See Richardson v. Kennedy*, 475 S.E.2d 418, 426 (W. Va. 1996) (explaining that the trial court should dismiss a wrongful death action if the appellant had not used her best efforts to be appointed the personal representative of the estate within a reasonable amount of time set by the trial court). As plaintiff has failed to establish that he is the duly appointed personal representative of his son's estate, he does not have the legal capacity under Rule 17 to bring this action. Therefore, defendant's motion is well-taken and should be granted.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's "motion to explain in writing" (Doc. 15) is **GRANTED**.

---

[4] Plaintiff does not argue he has been appointed the personal representative of his son's estate by an Ohio court. Nor does it appear that plaintiff, a resident of West Virginia, would be eligible for such appointment as plaintiff is not a resident of Ohio. *See* Ohio Rev. Code § 2113.06.

**IT IS THEREFORE RECOMMENDED:**

1. Defendant's motion to dismiss (Doc. 3) should be **GRANTED**, and plaintiff's complaint should be dismissed without prejudice.

Date: 9/6/2024

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TRACY PHILLIPS,
   Plaintiff,

vs.

TARGET DEPARTMENT STORE,
   Defendant.

Case No. 1:23-cv-781
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).